IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:24-CR-088 (NYW)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAREK KASSEM,

    Defendant.

---

**TAREK KASSEM'S FOURTH UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE ALL RELATED DEADLINES**

---

Mr. Kassem, through undersigned counsel, respectfully moves this Court for an Order excluding one hundred twenty (120) days from the speedy trial time limitations and vacating and related deadlines. The government does not oppose the present motion. Thirty-two (32) days have expired from the speedy clock, leaving thirty-eight (38) days remaining. *See* 18 U.S.C. §§ 3161(c)(1), (h)(1)(D). Without continuing the case for one hundred twenty (120), days as requested, the speedy trial clock will expire on Monday, September 29, 2025.

## I. RELEVANT BACKGROUND

**(1)** Mr. Kassem is charged with seven counts of violating 18 U.S.C. § 1343 and three counts of violating 18 U.S.C. § 1957. Docket Entry Number ("DE") 1.

**(2)** Mr. Kassem's initial appearance, arraignment, detention, and discovery conference hearings were held on March 26, 2024. DE 5. Counsel was appointed, DE 7, and the DCMO was entered. DE 8.

**(3)** The government did not seek detention; the Court set conditions of release, DE 10, and Mr. Kassam was released on bond. DE 9.

(4) The following day, Mr. Kraut filed his notice of appearance. DE 11.

(5) After three separate unopposed requests, DE 20, DE 22, DE 25, the Court has scheduled a five-day jury trial to begin on September 15, 2025, with the pretrial conference set for September 12, 2025, and a motions deadline of August 1, 2025. DE 26.

(6) Mr. Kassam's case was reassigned to the undersigned and he filed his entry of appearance on July 17, 2025. DE 28.

(7) Discovery was received on April 9, 2024, May 8, 2024, and March 26, 2025. The discovery contains four and a half (4.5) gigabytes of material, consisting of twenty-one thousand, seven hundred twelve (21,712) pages of written material and forty-three (43) media and native files. The undersigned is in the process of reviewing that discovery.

(8) Based on the discovery materials, the charges, and the undersigned's experience in defending criminal cases, he has identified five tasks that will be necessary to complete to effectively represent Mr. Kassem.

(9) First, the undersigned must thoroughly discuss the case with Mr. Kassem. That includes fully explaining what he has been charged with, what the government must prove to obtain a conviction, and the information contained in the discovery. The undersigned must also calculate the sentencing guideline range applicable to Mr. Kassem if he were convicted and thoroughly explain that process to Mr. Kassem.

(10) Second, the undersigned must thoroughly investigate the alleged offense. That includes identifying and interviewing prospective witnesses and identifying and engaging potential expert witnesses.

(11) Third, the undersigned must research potential pretrial motions and possible defenses to the charges.

(12) Fourth, the undersigned must consult with Mr. Kassem and assist him in determining whether he wants to have a jury trial or plead guilty to the charged offenses. This will include a thorough review of the evidence with him. Should Mr. Kassem decide to go to trial, the undersigned must prepare for trial. Preparation for trial is a massive undertaking, requiring the preparation of legal arguments, examinations, and jury instructions, and the coordination of witnesses and exhibits.

(13) Fifth, if Mr. Kassem decides he does not want to go to trial, the undersigned must attempt to negotiate a favorable outcome with the government, which includes a negotiation of the facts, law, and sentencing guidelines.

(14) This case involves serious felony offenses that, if Mr. Kassam were found guilty of violating each count of the indictment, could potentially result in one hundred seventy (170) years in prison.

(15) The government has no objection to the extension requested herein.

## II.  STANDARD FOR CONTINUANCES

(16) Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. §§ 3161(h)(7)(B)(i)-(iv).

(17) Pertinent factors that apply to an "ends of justice" finding include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the

>   attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. § 3161(h)(7)(B). *See also, United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

(18) In addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

(19) The decision to grant an "ends of justice" continuance is within the sound discretion of the Court and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345, 1348 (2010).

### III.     THE COURT SHOULD GRANT THE RELIEF REQUESTED HEREIN

(20) This case meets the criteria in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests this Court continue the trial, vacate deadlines, and exclude one hundred twenty (120) days from the speedy trial calculations.

(21) Because the undersigned has not had a chance to fully review the discovery or discuss it with Mr. Kassem, the Court should determine that the ends of justice will be served by the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

(22) Undersigned counsel requires one hundred twenty (120) days to: thoroughly review the discovery, discuss the case with Mr. Kassem (as enumerated above), thoroughly investigate the alleged offenses (as enumerated above), research the appropriate legal issues and prepare pretrial motions, and prepare for trial and/or negotiate a favorable disposition with the government on his behalf.

(23) The government does not object to the requested continuance.

(24) Failing to grant the requested continuance in the present case would cause a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation under 18 U.S.C. §§ 3161(h)(7)(B)(i) and (iv).

(25) Finally, a continuance of one hundred twenty (120) days would not offend the standard set forth by the Tenth Circuit in *West*.

(26) Undersigned counsel will diligently pursue the defense. However, the nature and facts are such that no amount of diligent work can ensure effective assistance of counsel before the current deadlines as contemplated by the current speedy trial timeframe. More time is essential to ensure that Mr. Kassem receives effective representation in a case of this magnitude.

(27) Undersigned counsel believes that the extension would serve the requested purpose and allow for meeting with Mr. Kassem to complete a discovery and case review, research relevant issues for the preparation of motions, prepare for trial, if necessary, and negotiate a potential resolution with the government.

## IV.    CONCLUSION

Wherefore, Mr. Kassem respectfully requests this Court exclude one hundred and twenty (120) days from the speedy trial time limitations and set the trial for late January 2026.

Respectfully submitted, this 25th day of July 2025.

VIRGINIA L. GRADY  
Federal Public Defender

/s/ *Jared Scott Westbroek*  
JARED SCOTT WESTBROEK  
Assistant Federal Public Defender  
633 17th Street, Suite 1000  
Denver, CO  80202  
Telephone: (303) 294-7002  
Email:  jared_westbroek@fd.org  
Attorney for Mr. Kassem

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2025, I electronically filed the foregoing **TAREK KASSEM'S FOURTH UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE ALL RELATED DEADLINES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Nicole C. Cassidy, AUSA
Email: Nicole.Cassidy@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Tarek Kassem
(Via U.S. Mail)

/s/ *Jared Scott Westbroek*
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
Email:  jared_westbroek@fd.org
Attorney for Mr. Kassem