IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 24-cr-00088-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    TAREK KASSEM,

    Defendant.

---

### ORDER GRANTING FOURTH UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE ALL RELATED DEADLINES

---

This matter is before the Court on the Fourth Unopposed Motion to Exclude 120 Days from the Speedy Trial Act Calculation and Continue All Related Deadlines (the "Motion") filed on July 23, 2025 by Defendant Tarek Kassem ("Defendant"). [Doc. 29]. Defendant asks this Court for an order excluding 120 days from the Speedy Trial Act calculation. [*Id.* at 1]. The Court notes that this is the fourth requested continuance of the trial date in this matter. *See also* [Doc. 20; Doc. 22; Doc. 25].

Defendant's Motion is filed under the Speedy Trial Act of 1974 (the "Speedy Trial Act" or the "Act"), which is "designed to protect a criminal defendant's constitutional right to a speedy trial and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act "requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later." *Id.*; *see also* 18 U.S.C. § 3161(c)(1). Certain

periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)–(8). The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . .
>
> Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(7)(A). This is frequently referred to as an "ends of justice continuance."

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *See Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time

> necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive.'" *Id.* (quoting *Dorian*, 882 F.2d at 1516).

On March 21, 2024, an Indictment was filed charging Defendant with seven counts of wire fraud in violation of 18 U.S.C. § 1343 and three counts of money laundering in violation of 18 U.S.C. § 1957. [Doc. 1]. Defendant was arrested on March 26, 2024 and made his initial appearance the same day. [Doc. 4; Doc. 5]. The Court subsequently set this case for a five-day jury trial to begin May 13, 2024, with pretrial motions due April 23, 2024. [Doc. 13]. After Defendant requested and was granted three continuances of the trial, *see* [Doc. 21; Doc. 23; Doc. 26], the trial is currently set to begin September 15, 2025, with pretrial motions due August 1, 2025, [Doc. 26 at 5].

Defendant now requests that an additional 120 days be excluded from the Speedy Trial Act calculation. *See* [Doc. 29]. In the Motion, defense counsel represents

3

that this case was recently reassigned to him. [*Id.* at ¶ 6].[1] Discovery in this case is voluminous, and new defense counsel is in the process of reviewing that discovery. [*Id.* at ¶ 7]. Defense counsel states that additional time is necessary to fully review the discovery, discuss the case with Defendant, investigate the allegations, and research potential motions. [*Id.* at ¶¶ 9–13, 21]. Counsel notes that this case "involves serious felony offenses that . . . could potentially result in one hundred seventy (170) years in prison." [*Id.* at ¶ 14]. Counsel asserts that adequate trial preparation cannot be completed within the current deadlines and that a miscarriage of justice will result if a continuance is not granted. [*Id.* at ¶¶ 24, 26]. The Government does not oppose the requested continuance. [*Id.* at ¶ 23].

Based on the relevant record considered as a whole, including defense counsel's recent appearance in this case and the need for him to review the discovery and discuss this case with Defendant, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). **However, given the number and length of the continuances granted thus far, Defendant and his counsel are ADVISED that any further requests for continuance must contain specific information about the outstanding tasks that need to be completed prior to trial and a specific plan for proceeding expeditiously to trial.**

The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)–(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not

---

[1] The Court notes that Defendant continues to be represented by the Office of the Federal Public Defender.

predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court **FINDS** that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(B)(i);

(2) Even considering due diligence, failure to grant the Motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the Motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

Therefore, it is **ORDERED** that:

(1) The Fourth Unopposed Motion to Exclude 120 Days from the Speedy Trial Act Calculation and Continue All Related Deadlines [Doc. 29] is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended by 120 days, from September 29, 2025 to January 27, 2026**;

(3) The current trial and Trial Preparation Conference dates are **VACATED**. The **five-day** jury trial is **RESET** for **January 12, 2026**. The Trial Preparation Conference is **RESET** for **January 5, 2026 at 2:00 p.m.**;

(4) All pretrial motions shall be filed on or before **November 14, 2025**, and responses to these motions shall be filed by **November 21, 2025**. If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Wang_Chambers@cod.uscourts.gov no

later than **two business days after the motion is filed** to set such a hearing; and

(5) The remaining deadlines set forth in the Court's Order Setting Trial Dates and Deadlines [Doc. 13], as amended by the Court's May 7, 2025 Minute Order, [Doc. 27], remain **SET**.

DATED: July 25, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge